## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**FRANK J. CALTA,**

     **Plaintiff,**

**v.**                                    **Case No.: 8:05-cv-1266-T17MSS**

**NORTH AMERICAN ARMS, INC.,**

     **Defendant.**

_____/

### ORDER

This comes before the Court for consideration Defendant's Motion to Compel Further Inspection of the Subject NAA Revolver (Dkt. 20) and Plaintiff's response in opposition thereto (Dkt. 21). This is a product liability action in which Plaintiff alleges product defects in a .22 caliber mini-revolver (Model NAA-22LR) (the "Revolver"). Plaintiff allegedly sustained injuries when the Revolver discharged after falling from Plaintiff's pocket while he was exercising at his place of business, Calta's Gym. The Case Management and Scheduling Order established November 15, 2006, as the discovery cut-off date for this case (Dkt. 18).

Plaintiff made the Revolver available to Defendant's expert, Mr. Michael Shain, for inspection on October 24, 2005, at Plaintiff's place of business. According to Defendant's counsel, the inspection conditions were less than optimal; however, according to Mr. Shain, the initial inspection revealed that the Revolver had been altered. Because of the inspection conditions and the Revolver's possible alteration, Defendant's counsel asked Plaintiff for the opportunity to conduct a more thorough and scientific examination of the Revolver. Plaintiff's counsel agreed to the

1

additional inspection but noted in later e-mail correspondence that he was "unavailable until after the first of the year" (Dkt. 20, Ex. E (Copy of Plaintiff's counsel's e-mail dated October 31, 2005)). Defendant's counsel states that he was agreeable to accommodating the schedule of Plaintiff's counsel by waiting to conduct the further testing and inspection until after January 1, 2006; however, he did not wish to wait until then to discuss possible dates for the inspection and testing to take place.  Defendant's counsel has provided correspondence documenting his attempts to request dates and Plaintiff's counsel's failure to reply or provide any available dates for the testing and inspection.

Defendant's counsel has proposed that the inspection and testing take place on January 16, 2006, in Largo Florida or on any date between January 23-26, 2006, in Chicago, Illinois.  On December 22, 2005, Defendant's counsel, through his assistant, sent a letter to Plaintiff's counsel stating that he was "unavailable to schedule any matter on this case until after the new year" (Dkt. 20, Ex. K (Copy of Plaintiff's counsel's letter dated December 22, 2005)).

Defendant's counsel claims that as a result of Plaintiff's counsel's "delay and refusal to engage in good faith scheduling discussions, [Defendant] is now faced with the prospect of losing nearly four months" of discovery in this case (Dkt. 20, ¶ 20).

In his response in opposition, Plaintiff's counsel makes two arguments against the inspection and testing being scheduled on one of the January dates. First, Plaintiff's counsel claims that the motion to compel is not a recognized motion under the rules of procedure, specifically Rule 34 request for inspection, and should be denied.  Second, Plaintiff's counsel claims that there has been no prejudice to Defendant in scheduling because the discovery deadline is not until November 15, 2006.

The Undersigned finds Plaintiff's counsel's arguments unpersuasive.  Plaintiff's counsel

agreed in October 2005 to make the Revolver available for further inspection and testing.  Therefore, at this point, procedural arguments are moot.  In addition, although the discovery deadline in this case does not end until November 2006, inspection and testing of the Revolver mark only the beginning of discovery in this case, not the end.

Accordingly, it is **ORDERED** that Defendant's Motion to Compel Further Inspection of the Subject NAA Revolver (Dkt. 20) is **GRANTED**.  Defendant's counsel is to choose one of the January dates provided by Defendant's counsel to conduct the inspection and testing.  If those dates are no longer available for Defendant, Plaintiff must choose a date and location convenient to Defendant's counsel in March 2006 to conduct the inspection and testing.  Further, the parties are to submit a joint notice to the Court providing the chosen date and location no later than Monday, January 16, 2006.

**DONE and ORDERED** in Tampa, Florida on this 5th day of January 2006.

MARY S. SCRIVEN
United States Magistrate Judge

Copies to:
Counsel of Record